All right, we'll move on to Borrani. Borrani v. National Mortgage. The plaintiff appellant is submitting. We have someone on behalf of the bank. Yes, good afternoon, Your Honors. This is Charles Ralfro from McCulloch-Reimer. I'm appearing on behalf of Nationstar Mortgage LLC. Before I start, I want to just correct one small misstatement that was in our brief, I think on page four of our brief, we referred to the loan having been transferred to appellee by MERS as nominee for the original lender. That was incorrect. The mortgage was assigned, but the note was endorsed in blank and separately delivered to the appellee. I think this doesn't really have any effect on the questions that are before the court, and our arguments don't In terms of the questions, Your Honors, that are raised by this appeal, this is really a pretty straightforward application of the Rooker-Feldman doctrine and also doctrines of res judicata and collateral estoppel. It's entirely possible that the appellant recognizes this as she's filed a whole new complaint in the Southern District after the completion of briefing on this case. That raises pretty much the same issues. Broadly speaking, as Your Honors... She filed an amended complaint in the Southern District? No, she did not. She filed a whole new complaint. I see. Okay. It's pretty much the same, but I can give you the docket number if you would like. That's fine. I could find it if I wanted. The reason I ask is because there's this jurisdictional question in our case about whether it's a final decision, because she could have amended her complaint and said she filed a notice of appeal, but it's not clear that she didn't have the intent to continue proceedings in the lower court. Are we reviewing a final decision? Yes, I think you are reviewing a final decision. She could have, as you say, amended her complaint in this particular case. She did not. Rather, she filed a notice of appeal, and then after the briefing and this appeal was complete, she filed a new complaint in the Southern District. It is factually very similar, although she adds some other allegations in the text of that concerning the judges who sit on the State Supreme Court in Westchester County, and I think also concerning Judge Karras. Can I ask you about the Rooker-Feldman question that she mentioned? In her reply brief, she said that the state proceedings hadn't ended because the foreclosure sale hadn't been finalized and that she could still appeal the foreclosure sale in state court. Is it your position that the state proceedings had ended by the time she filed the complaint in this case? Yes, it is. I think she's incorrect as a procedural matter about how the actual foreclosure sale plays in with the judgment of foreclosure and sale. The judgment of foreclosure and sale, when that's entered by the State Supreme Court, is the final act of the foreclosure litigation. It decides all the issues that are raised in the case and is a judgment from which the appellant could have appealed to the Second Department. The actual foreclosure sale itself is not conducted by the court. It's conducted by the sheriff, and the sale itself is not something that would be subject to appeal. There's not a court order entering the sale or anything like that. It's merely a referee's deed would be recorded. Our position would be that the judgment of foreclosure and sale is the final judgment, the actual foreclosure sale. If she had appealed that judgment, the judgment of foreclosure and sale, would the state proceedings have ended? If she had appealed the judgment of foreclosure and sale, the Second Department decided to appeal. If there's further state proceedings, as long as it's not a direct appeal from the original proceedings, we think that the state proceedings have ended. If there's a direct appeal, then your position is they haven't. If there's a direct appeal, as long as there's at least a possibility that the Second Department could reverse the judgment of foreclosure and sale and send it back to the trial court, at which point the state proceedings would be ongoing. If there's not an appeal from that judgment of foreclosure and sale and time for that appeal to be taken as long as it's passed, then the judgment of foreclosure and sale is the last thing that can happen in the state court proceeding. All right, anything else? So simply, you know, I'm not going to go through the Rooker-Feldman discussion there. We are not challenging Judge Karas's decision that three of those of the nine counts were not precluded by Rooker-Feldman, but rather were precluded by the doctrine of res judicata or collateral estoppel. One point I simply wanted to raise about those, two of the counts that Judge Karas found were precluded by res judicata are pretty straightforward because they were raised as affirmative defenses or counterclaims in the appellant's answer filed in the state court. One of them, the FDCPA claim, was not explicitly raised as a counterclaim or an affirmative defense, but that FDCPA claim was based entirely on actions which preceded the filing of the foreclosure complaint, and it was therefore a claim which could have been and should have been raised in the state court proceeding because it could have been raised in that proceeding and was not the judgment of has a res judicata effect on its being asserted before the district court here. And with that, I can conclude my presentation a little earlier unless anyone has any questions. Thank you very much. We will reserve decision. The final two cases are on submission. Accordingly, I'll ask the deputy to adjourn. Thank you all very much. Thank you, Your Honor. Thank you. Court sent to adjourn.